UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| SAMUEL STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:24-cv-46-REW-EBA |
| | ) | |
| v. | ) | |
| | ) | OPINION & ORDER |
| ALLSTATE VEHICLE AND | ) | |
| PROPERTY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

**I.      Background**

On November 18, 2024, Defendant Allstate Vehicle and Property Insurance Company (Allstate) moved for summary judgment against Samuel Stephens pursuant to Rule 56, arguing that because Stephens breached the subject homeowners insurance policy by failing to submit to a second Examination Under Oath (EUO), his claims arising from the denial of coverage fail. *See generally* DE 13 (Motion). The 21-day response deadline came and went, and Stephens failed to file any response to the motion. *See* Local Rule 7.1(c). The Local Rules provide that "[f]ailure to timely respond to a motion may be grounds for granting the motion." *Id.* Still, the Court afforded Stephens another opportunity to oppose the motion for summary judgment, warning him that the continued failure to respond would constitute his "concession that the case should be dismissed against Allstate" and "the abandonment of his claims against that entity." *See* DE 16 (Order). Yet again, Stephens failed to respond to the motion or the Court's order by the December 13, 2024 deadline.

1

However, on December 16, 2024, Stephens filed an untimely motion for an extension of the deadline to file his response, *see* DE 18, and tendered a response, *see* DE 19. As grounds, Stephens states that he was out of the office December 9, 2024, through December 13, 2024, and therefore, "had no way of filing a Response within the Court-Ordered time-frames." DE 18 at 1. In reply, Allstate maintains that the Court should not grant the extension because Stephens has failed to demonstrate that his untimely motion is due to excusable neglect. *See* DE 21 (Reply) at 1–3. The matter is ripe for review.

## II.     Excusable Neglect

Under Rule 6(b), "the court may, for good cause," grant an extension of time for motions made after the deadline "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). To determine if neglect is excusable, courts consider the following factors:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 266–67 (6th Cir. 2009).

Stephens's sole reason for good cause—that counsel could not file a response during the dictated timeframe—is insufficient and verging on implausible. For one, and crediting his travel story, counsel was aware of the December 9, 2024 response deadline in advance of his time out of office; the summary judgment filing on November 18, 2024 triggered the 21-day clock. Stephens provides no reason as to why counsel could not have timely filed a response or a motion for an

extension before the deadline.[1] Second, the Court afforded Stephens another four days to respond to the motion, yet he still did not do so by the extended deadline. While counsel maintains that he did not have the means to respond within the allotted time, the Court finds it difficult to believe that counsel had absolutely no way to submit a court filing, particularly in an age where an attorney's consistent access to Internet and email is ubiquitous and expected. The purported explanation for the delay falls short, particularly given the precipitating original motion and extant response duty. It appears counsel simply planned to ignore the response deadline, and the Court's superimposed extension prompted no additional diligence.

The relevant factors establish that Stephens's failure to timely respond to Allstate's motion was not due to excusable neglect. The danger of prejudice to Allstate from the delay is relatively minimal at this early stage, and the delay was only a week. Still, the other three factors weigh against a finding of excusable neglect. The reason for the delayed response is a lack of diligence and planning on the part of Stephens's counsel—counsel repeatedly failed to timely respond to Allstate's motion, even after the Court's prompting. And because counsel could have prevented the delay by adequately planning to file a response before his leave (as already required) and by assuring access to the online filing system while away, the delay was within the reasonable control of Stephens. Finally, the fact that Stephens missed the initial deadline plus his second chance at an extended deadline show a lack of good faith on his part. He made no attempt to respond by either deadline despite ample opportunity to do so. Because Stephens has not met the excusable neglect standard, the Court denies his untimely motion for an extension of time.

### III.   Summary Judgment

But even if the Court were to consider Stephens's response, it would still grant summary

---

[1] Indeed, Stephens's counsel filed a discovery related document on November 19, the day after the summary judgment filing. *See* DE 15 (Rule 26(e) Disclosures).

judgment for Allstate. Pursuant to Rule 56(a), summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). If the moving party satisfies its burden, the burden then shifts to the non-moving party to produce "specific facts" showing a "genuine issue" for trial. *Id.* (quotation marks omitted) (quoting Fed. R. Civ. P. 56(e)). "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Wright v. City of Euclid*, 962 F.3d 852, 864 (6th Cir. 2020) (citation and quotation marks omitted). In determining whether a genuine dispute exists, the Court considers all facts and draws all inferences in the light most favorable to the non-moving party. *See Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986); *Lindsay v. Yates*, 578 F.3d 407, 414 (6th Cir. 2009).

Stephens brings a breach of contract claim, alleging that Allstate breached the insurance policy by failing to pay his claim after a fire (a second fire, in five months, in fact) damaged his home. *See* DE 1-1 (Complaint) at 2, ¶¶ 4-5. In its motion, Allstate argues that it had no obligation to pay Stephens's claim because he did not submit to a second EUO. *See* DE 13 at 5–7. The subject policy provides that "[i]n the event of a loss to any property that may be covered by this policy, [the insured] must[,] [a]s often as [Allstate] reasonably require[s,] [a]t our request, submit to [EUOs][.]" DE 13-10 (Denial Letter) at 1–2. The policy further states that Allstate "ha[s] no duty to provide coverage . . . if you, an insured person, or a representative of either fail to comply with" the EUO requirement, and "this failure to comply is prejudicial to [Allstate]." *Id.* at 2. Allstate ultimately denied Stephens's claim because he did not submit to a second EUO. *See id.* at 1; DE 13-1 (Pugh Affidavit) ¶ 12. Allstate had repeatedly tried to arrange the EUO, and indeed

4

had it set, until Stephens's newly retained counsel quashed the event.

The parties unequivocally agree that Stephens did not submit to the second EUO. *See* DE 13-1 ¶ 12; DE 13-3 (Text Message Chain) at 2; DE 19 at 2. Stephens maintains that "Allstate's stated purpose for the second EUO was to download the Plaintiff's cell phone data," and "[t]his information was readily obtainable by Allstate through the documents already obtained by the Plaintiff's executed release for his cell phone records." DE 19 at 1–2. Therefore, Stephens argues that "Allstate has identified no valid reason to support their denial of the claim because there was no need for a second EUO as the information Allstate desired was readily obtainable." *Id.* at 2. However, as made clear in the evidence advanced by Allstate, the point of the second EUO was to address perceived inconsistencies between Stephens's prior testimony and the newly received cell phone records, and to download phone data (i.e., location data) that the cell phone (or phones, given the request for all active devices) records presumably did not include or otherwise to secure confirmatory information. *See* Pugh Aff. ¶¶ 5–6; DE 13-2 (Letter Correspondence); DE 13-5 (Letter Correspondence); DE 13-6 (Letter Correspondence). Stephens does not submit evidence to the contrary of Allstate's sworn proof regarding inconsistencies. *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . ."). Stephens acknowledged an existing cell phone but provided no records during the first EUO. *See* DE 14-1 (First EUO Transcript) at 14. At the first EUO, Stephens testified to not being near the home at the time of the fire. *See id.* at 46-48. Allstate's request for a second EUO, where it could compare what the phone indicated with Stephens's story, was reasonable, and the policy provisions specifically did not limit Allstate to only one EUO of Stephens. *See* DE 13-10 at 2. Considering "[e]xamination under oath provisions are enforceable conditions precedent to recovery under insurance contracts under

5

Kentucky law," *Cincinnati Ins. Co. v. Taylor*, Civil Action No. 1:01CV-102-M, 2003 WL 1742148, at *2 (W.D. Ky. Mar. 26, 2003), Allstate was not obligated to pay Stephens's claim because he undisputedly failed to participate in the second EUO, and that failure prejudiced Allstate by preventing it from properly investigating his claim. *See Temple v. State Farm Mut. Ins. Co.*, 548 S.W.2d 838, 840 (Ky. 1977) ("[P]rovisions of the policy reasonably designed to secure a truthful disclosure of . . . information [through examinations under oath] are valid and reasonable conditions precedent to an insuror's liability."). Given the lack of records at the first EOU, Allstate's legitimate request for those and its need for a sworn examination, questions regarding narration consistency and phone data, and the contractual cooperation duties, Stephens simply failed to give Allstate access to the information he was bound to supply. His counsel's flat refusal to allow participation in the second EOU is a flawed foundation for a contract and extra-contractual case.

Accordingly, summary judgment for Allstate is appropriate on the breach of contract claim.

As for Stephens's intentional infliction of emotional distress (IIED) claims and his claims of violations of the Kentucky Unfair Claim Settlement Practices Act (KUCSPA), Allstate argues that evidence fails to establish any triable issue on the elements of those claims. *See* DE 13 at 8–11. In his proffered response, Stephens does not materially attempt to provide any evidence in support of those counts. Because Stephens has not submitted proof to dispute Allstate's arguments, summary judgment for Allstate is also proper on the IIED and KUCSPA claims. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). A valid policy claim must undergird a KUCSPA theory, and IIED requires outrageous behavior. Allstate insisting on compliance with policy conditions precedent defeats both routes to

recovery.

## IV. Conclusion

Due to his failure to file a timely response, the Court deems Stephens to have waived any opposition to the motion for summary judgment and abandoned his claims against Allstate. Moreover, Allstate provided ample proof that Stephens breached the insurance policy by refusing to submit to a second EUO, thereby extinguishing any duty to provide coverage. No evidence in the record counters that proof. Based on the record and the uncontested facts, summary judgment is proper. Because of Stephens's failure to timely respond and given the propriety of summary judgment on this record, the Court grants summary judgment for Allstate and dismisses Stephens's claims against Allstate with prejudice.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DENIES** DE 18;

2. The Court **GRANTS** DE 13 and dismisses Stephens's claims **WITH PREJUDICE**;

3. The Court **DENIES** all other pending motions (DE 23) as moot;

4. The Court **STRIKES** the matter from its active docket; and

5. The Court will enter a judgment consistent with this Order.

This the 8th day of April, 2025.

Signed By:
*Robert E. Wier* /REW/
United States District Judge